United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRELL CROSS, | No. C 07-3941 WHA (PR) |
| Petitioner, | **GRANT OF LEAVE TO PROCEED IN FORMA PAUPERIS; ORDER TO SHOW CAUSE** |
| v. | |
| D. K. SISTO, Warden, | |
| Respondent. | |

Petitioner, a California prisoner currently incarcerated at California State Prison-Solano, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He also requests leave to proceed in forma pauperis.

Venue is proper because the conviction was obtained in Alameda County, which is in this district. *See* 28 U.S.C. § 2241(d).

**STATEMENT**

A jury convicted petitioner of second degree murder, possession of a firearm by a felon, and two counts of assault with a deadly weapon. The court also found true allegations of six prior convictions. The court sentenced him to a total indeterminate term of fifty-four years to life. *People v. Cross*, 2004 WL 2287812, *1 (Cal. App. 2004). The conviction and sentence were affirmed on appeal by the California Court of Appeal and the California Supreme Court denied review. Petitioner was also unsuccessful with several state habeas petitions.

///

**DISCUSSION**

*A. Standard of Review*

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

*B. Legal Claims*

As grounds for federal habeas relief, petitioner asserts that: (1) his Sixth and Fourteenth Amendment rights were violated by exclusion of evidence that the victim's gun had recently been used in a homicide; (2) his due process rights were violated by the trial court's denial of a motion to dismiss two counts of assault with a deadly weapon that were added after the preliminary hearing; (3) his Fifth, Sixth and Fourteenth Amendment rights were violated when he, a black man, was tried by an all-white jury; (4) his trial counsel was ineffective in failing to investigate and call witnesses; (5) the prosecutor committed misconduct by giving an interview the day before closing argument in an attempt to prejudice the jury; (6) appellate counsel was ineffective in failing to raise issues (1) through (5), above; (7) his Sixth and Fourteenth Amendment rights were violated by the trial court's disallowance of questions about the victim's criminal activities; (8) the trial court erred by giving an instruction which could have

been construed by the jury to require verbal notification that a combatant wishes to discontinue tthe fight, a requirement which would be contrary to California law; (9) failure to instruct correctly on lesser offenses violated his constitutional rights; and (10) the errors set out above cumulatively amount to a denial of due process.

In issue eight petitioner raises only a question of state law, which cannot be the basis for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). The claim in issue nine also cannot be the basis for federal habeas relief because failure of a state trial court to instruct on lesser-included offenses in a non-capital case does not present a federal constitutional claim. *See Solis v. Garcia*, 219 F.3d 922, 929 (9th Cir. 2000). And issue ten cannot be the basis for federal habeas relief because although there can be prejudice based on cumulative constitutional errors even if none of the errors is itself prejudicial, where there is no single constitutional error existing, nothing can accumulate to the level of a constitutional violation. *See Mancuso v. Olivarez*, 292 F.3d 939, 957 (9th Cir. 2002). That is, there is no such thing in federal habeas practice as cumulative constitutional error.

For these reasons, issues eight, nine and ten will be dismissed.

**CONCLUSION**

1. Leave to proceed in forma pauperis (document number 2 on the docket) is **GRANTED**.

2. Issue eight, nine and ten are **DISMISSED**. The remaining issues are sufficient to require a response. The clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

3. Respondent shall file with the court and serve on petitioner, within sixty days of service of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

///

3

1    If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of service of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within 15 days of receipt of any opposition.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a copy of the document to respondent's counsel. Papers intended to be filed in this case should be addressed to the clerk rather than to the undersigned. Petitioner also must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and comply with any orders of the court within the time allowed, or ask for an extension of that time. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: August   27  , 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.07\CROSS3941.OSC.wpd

4