1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GERALD A. ENGLER
   Senior Assistant Attorney General
4  GREGORY A. OTT
   Deputy Attorney General
5  DORIAN JUNG
   Deputy Attorney General
6  State Bar No. 200116
     455 Golden Gate Avenue, Suite 11000
7    San Francisco, CA 94102-7004
     Telephone: (415) 703-1342
8    Fax: (415) 703-1234
   Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **TERRELL CROSS,** | C 07-3941 WHA |
| Petitioner, | |
| v. | **MOTION TO DISMISS UNTIMELY PETITION FOR WRIT OF HABEAS CORPUS** |
| **D.K. SISTO, Warden,** | |
| Respondent. | |

### INTRODUCTION

Respondent moves to dismiss the petition for writ of habeas corpus. The petition is untimely, as it was filed beyond the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). A motion to dismiss in lieu of an answer on the merits is appropriate where the petition is procedurally defective. *See White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989); *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); Rules Governing 28 U.S.C. § 2254 Cases, Rule 4, and Advisory Committee Notes; *see also Jablon v. Dean Witter & Co.,* 614 F.2d 677, 682 (9th Cir. 1980) (motion to dismiss proper if time bar is clear from face of complaint). Respondent has not noticed a hearing date because petitioner is an incarcerated state prisoner who is representing himself in this case.

**PROCEDURAL BACKGROUND**

On January 25, 2001, the District Attorney of Alameda County filed an information against petitioner Terrell Cross. Count 1 charged murder, in violation of Cal. Penal Code § 187. Count 2 charged possession of a firearm by a felon, in violation of Cal. Penal Code § 12021(a). Counts 3 and 4 charged assault with a deadly weapon, in violation of Cal. Penal Code § 245(a)(2).

In connection with Count 1, the information alleged that petitioner personally used a firearm within the meaning of Cal. Penal Code § 12022.53(d). In connection with counts 3 and 4, the information alleged that petitioner personally used a firearm within the meaning of Cal. Penal Code § 12022.5. The information further alleged that petitioner had suffered six prior convictions. On January 26, 2001, petitioner pleaded not guilty and denied the special allegations.

On February 6, 2003, a jury acquitted petitioner of first degree murder and convicted him of second degree murder. The jury also convicted petitioner of counts 2, 3, and 4, and found the associated special allegations to be true.

On March 28, 2003, the trial court sentenced petitioner to state prison for the total indeterminate term of 54 years to life. Petitioner appealed. On October 12, 2004, the California Court of Appeal affirmed petitioner's conviction.

On November 17, 2004, petitioner filed a petition for review. Exh. A. On January 12, 2005, the California Supreme Court issued an order denying the petition. Exh. A.

On July 27, 2005, petitioner filed a petition for writ of habeas corpus in the Alameda County Superior Court. Petitioner's Exh. B. On August 8, 2005, the court denied the petition. Petitioner's Exh. C.

On September 13, 2005, petitioner filed a petition for writ of habeas corpus, case number A111345, in the California Court of Appeal. Exh. D. On September 14, 2005, the court denied the petition. Exh. D.

On September 29, 2005, petitioner filed a petition for writ of habeas corpus, case number S137621, in the California Supreme Court. Exh. E. On July 19, 2006, the court denied the petition with citations to *In re Swain*, 34 Cal.2d 300, 304 (1949) (denying petition for untimeliness) and

*People v. Duvall*, 9 Cal.4th 464, 474 (1995) (denying petition for failure to plead reasonably available facts). Exh. E.

On January 23, 2007, petitioner filed a petition for writ of habeas corpus, case number A116494, in the California Court of Appeal. Exh. F. On January 30, 2007, the court denied the petition. Exh. F.

On March 6, 2007, petitioner filed a petition for writ of habeas corpus in the Alameda County Superior Court. Petitioner's Exh. G. On March 7, 2007, the court denied the petition. Petitioner's Exh. H.

On April 2, 2007, petitioner filed a petition for writ of habeas corpus, case number A117224, in the California Court of Appeal. Exh. I. On April 18, 2007, the court denied the petition. Exh. I.

On April 30, 2007, petitioner filed a petition for review, case number S152280, in the California Supreme Court. Exh. J. On June 20, 2007, the court denied the petition. Exh. J.

On July 31, 2007, petitioner filed the instant petition pursuant to 28 U.S.C. § 2254.

///
///
///

## ARGUMENT

**THE INSTANT PETITION IS UNTIMELY AND DISMISSAL WITH PREJUDICE IS REQUIRED**

Petitioner filed the instant petition on July 31, 2007. Accordingly, this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which applies to all cases filed after its effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA imposed a one-year statute of limitations on the filing of habeas petitions in federal court. 28 U.S.C. § 2244(d). The year commences on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, the time for seeking direct review includes the 90-day period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court under Supreme Court Rule 13, whether or not the petitioner actually files such a petition. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The judgment therefore became final on April 12, 2005.

The limitations period is statutorily tolled during the period of time in which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. 28 U.S.C. § 2244(d)(1)(A), (d)(2). Tolling continues during "the intervals between a lower court decision and the filing of a new petition in a higher court." *Carey v. Saffold*, 536 U.S. 214, 223 (2002). A federal habeas petitioner is entitled to tolling when he is "invoking one complete round of the State's established appellate review process" in order to exhaust state court remedies. *Id.* at 220. "The Supreme Court construed statutory tolling in the context of California law to allow 'one full round,' not two full rounds." *Welch v. Carey*, 350 F.3d 1079, 1083 (9th Cir. 2003) (en banc).

Thus, in the present case, the statute of limitations, which commenced on April 12, 2005, was tolled after 106 days by petitioner's first full round of collateral review, beginning with the filing of a habeas petition in the Alameda County Superior Court on July 27, 2005, and ending with the California Court of Appeal's denial of his petition on September 14, 2005. Petitioner was entitled to gap tolling for the period between the petitions. *Welch v. Carey*, 350 F.3d at 1083.

1  On September 29, 2005, petitioner filed a petition for writ of habeas corpus, case number S137621, in the California Supreme Court. On July 19, 2006, the court denied the petition with citations to *In re Swain*, 34 Cal.2d at 304 (denying petition for untimeliness) and *People v. Duvall*, 9 Cal.4th at 474 (denying petition for failure to plead reasonably available facts). The "*Swain* rule is commonly referred to as the 'untimeliness' bar." *Washington v. Cambra*, 208 F.3d 832, 833 (9th Cir. 2000). When a state court rejects a state postconviction proceeding as untimely, it is not "properly filed" within the meaning of the statutory tolling provisions of 28 U.S.C. § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). Under *DiGuglielmo*, the statute of limitations was not tolled during the pendency of the September 29, 2005, petition.

Thus, after the Court of Appeal's denial on September 14, 2005, the limitations period ran unabated for 259 days until it expired on May 31, 2006. The instant federal petition is therefore untimely by over a year.

Even assuming that the statute of limitations was tolled during the pendency of petitioner's untimely habeas petition in the California Supreme Court, the instant federal petition is nevertheless untimely. The statute of limitations, which commenced on April 12, 2005, was tolled after 106 days by petitioner's first full round of collateral review, beginning with the filing of a habeas petition in the Alameda County Superior Court on July 27, 2005, and ending with the California Supreme Court's denial of his petition on July 19, 2006.

At this point, petitioner had completed one full round of review and was no long entitled to gap tolling. *Welch v. Carey*, 350 F.3d at 1083. After July 19, 2006, the limitations period ran for another 188 days until tolled by the filing of a habeas petition in the California Court of Appeal on January 23, 2007. After the denial of that petition on January 30, 2007, the statute of limitations ran for another 35 days until tolled by the filing of a habeas petition in the Alameda County Superior Court on March 6, 2007. After the denial of that petition on March 7, 2007, the statute of limitations ran for another 26 days until tolled by the filing of a habeas petition in the California Court of Appeal on April 2, 2007. After the denial of that petition on April 18, 2007, the statute of limitations ran for another 10 days until it expired on April 28, 2007.

1    We assume that July 24, 2007, was the earliest date that the instant petition could have
2 been deemed filed, by virtue of the "prison mailbox rule" applicable to prisoner litigation. *See*
3 *Houston v. Lack*, 487 U.S. 266, 267 (1988). The instant federal petition is untimely by almost three
4 months and must be dismissed with prejudice. *See Green v. White*, 223 F.3d 1001, 1002 (9th Cir.
5 2000).
6 ///
7 ///
8 ///

Motion To Dismiss Untimely Petition - *Cross v. Sisto* - C 07-3941 WHA

**CONCLUSION**

Accordingly, respondent respectfully requests that the Court dismiss the untimely petition for writ of habeas corpus with prejudice.

Dated: February 22, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

GREGORY A. OTT
Deputy Attorney General


/s/ Dorian Jung
DORIAN JUNG
Deputy Attorney General

Attorneys for Respondent

# DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **Cross v. Sisto, Warden**

No.:    **C 07-3941 WHA (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter; my business address is 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004.

On <u>February 25, 2008</u>, I served the attached

**MOTION TO DISMISS UNTIMELY PETITION FOR WRIT OF HABEAS CORPUS**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Mail at San Francisco, California, addressed as follows:

Terrell Cross
T-88155 / 3-230L
Solano State Prison
P.O. Box 4000
Vacaville, CA 95696

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on February 25, 2008, at San Francisco, California.

|  |  |
|---|---|
| S. Agustin | /s/ S. Agustin |
| Declarant | Signature |

40221375.wpd