Terrell Cross   T-83155
CSP – Solano
P. O. Box 4000
Vacaville, CA. 95696–4000

**IN PRO PER**

COPY

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRELL CROSS, ) | |
| ) | |
| Petitioner, ) | **CASE NO. C07–3941 WHA (PR)** |
| ) | |
| vs. ) | |
| ) | **OPPOSITION TO RESPONDENT'S** |
| D. K. SISTO, Warden, ) | **MOTION TO DISMISS** |
| ) | |
| Respondent. ) | |
| ) | |

In July, 2007, petitioner, a California prisoner filed the instant petition pursuant to 28 U.S.C. §2254, seeking habeas relief from his state conviction and sentence.

On February 22, 2008, after two extensions of 60 days each, in lieu of An Answer, respondent filed a Motion To Dismiss alleging that the petition is time-barred.

Petitioner hereby opposes to respondent's motion, and asserts the following:-

///
///
///
///
///
///

PROCEDURAL BACKGROUND

Petitioner was convicted by a jury on February 6, 2003, and was sentenced on March 28, 2003.

On October 12, 2004, the California Court of Appeal affirmed petitioner's conviction and punishment imposed whereupon.

On January 12, 2005, the California Supreme Court denied petitioner's Petition For Review [FN1]

On July 27, 2005, petitioner filed a petition for writ of habeas corpus in the Alameda County Superior Court, which was denied on August 28, 2005.

On September 13, 2005, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, which was denied on September 14, 2005.

On September 29, 2005, petitioner filed a petition for writ of habeas corpus in the California Supreme Court, which was denied on July 19, 2006.

On advice of a jailhouse lawyer, petitioner brought additional claims and filed a petition for writ of habeas corpus in the California Court of Appeal on January 23, 2007.  The court denied the petition on January 30, 2007 with an order directing petitioner to file in the Superior Court first.

On March 6, 2007, petitioner filed a petition for writ of habeas corpus in the Alameda County Superior Court, which the court denied on March 7, 2007.

On April 2, 2007, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, which was denied on April 18, 2007.

---

1. Petitioner was unaware of this date.

On April 30, 2007, petitioner filed a Petition for Review in the California Supreme Court. On June 20, 2007, the Court denied the petition.

On July 31, 2007, petitioner filed the instant petition pursuant to 28 U.S.C. §2254. [FN2].

### FACTS AND CIRCUMSTANCES

When petitioner's direct appeal became final on January 12, 2005, he was not advised by his appellate lawyer , or did he receive any court document in that regard. Petitioner was aware of the date after it was so stated in respondent's motion.

All along, petitioner thought his direct appeal was finalized sometime in July, 2005. Petitioner didn't know anything about the law and had received only minimal education.

After the California Supreme Court denied his habeas petition on July 19, 2006, petitioner met an inmate on the bus transferring them from CSP – New Folsom to CSP – Solano on July 26, 2006. This inmate told petitioner he knows the law better than a lot of lawyers. After petitioner told him about his case, this jailhouse lawyer told petitioner there are other claims, other than the two he had previously raised, that he could raise in a federal writ but he must first exhaust state remedies. This jailhouse lawyer also told petitioner that he had ample time to file the federal writ if his direct appeal was to become final in July, 2005.

The record clearly showed that petitioner brought additional claims in his new petition from the Superior Court through the state Supreme Court. Petitioner did this because the jailhouse lawyer advised him that he must include all his claims in the

2. The petition was good to go by 7/2/07 but it took Inmate Trust Account Office 3 weeks to process his application for IFP

original petition. When his petition was denied by the state

Supreme Court on June 20, 2007, petitioner already had his

petition pursuant to 28 U.S.C. §2254 ready on July 2, 2007 (Id.

pet. at 7). It took the Inmate Trust Account Office three weeks

to process petitioner's application for In Forma Pauperis.

## CALCULATION OF FILING DEADLINE

Direct appeal became final on 1/12/05    one year    =    1/12/06

Grace period to file a petition for writ of Certiorri         90 days

Deadline to file    4/12/06

TOLLING PERIOD FOR ACTION PENDING                                   DAYS

Pet. for H.C. filed in Sup. Ct.          7/27/05-8/8/05         12

Pet. for H.C. filed in Ct. of Appeal     9/13/05-9/14/05         1

Pet. for H.C. filed in Supreme Ct.       9/29/05-7/19/06        293

(Petition to bring additional claims)

Pet. for H.C. filed in Ct. of Appeal     1/23/07-1/30/07         7
                                                    >35
Pet. for H.C. filed in Sup. Ct.          3/6/07-3/7/07           1
                                                    >26
Pet. for H.C. filed in Ct. of Appeal     4/2/07-4/18/07         16
                                                    >12
Petition for Review filed in Sup. Ct.    4/30/07-6/20/07        51

TOTAL OF DAYS TOLLED = 381

Deadline after adjustment for tolled period         4/28/07

## ARGUMENT

Petitioner's appellate lawyer's failure to inform him of the

date on which his direct appeal became final should bear some

responsibility for his inaction from January to July, 2005.

The court may dismiss a state prisoner's petition if any

delay in filing the petition has prejudiced the state's "ability

to respond." But in the instant case, the delay is very short and

has not prejudiced the state's ability to respond! [**Alexander v.**

1 **Maryland** (4th Cir. 1983) 719 F.2d 1241. State must prove

2 prejudice occurred after petitioner reasonably could have

3 recognized claim. [**Hannon v. Maschner**, 845 F.2d 1557].

4     Under 28 U.S.C. §2244(d)(1), §2254 petitions must be filed

5 within one year of: the removal of any state-imposed impediment

6 that unconstitutionally prevented the filing of such petition.

7 [**Egerton v. Cockrell** (5th Cir. 2003) 334 F.3d 433 (inadequate

8 prison law library may be state-imposed impediment for §2244

9 purposes when it prevents petitioner from filing habeas petition).

10     While exhausting state remedies, even though 75 days were

11 tolled during petitioner's petition was pending. There were

12 lapses of 35; 26; and 12 days, totaling 73 days (Id at 4:15-18).

13 Those days were taken for the mail to go back and forth and the

14 time petitioner had to wait to go to the law library to get his

15 court papers copied. These 73 days plus 21 days (it took the

16 Inmate Trust Account Office to process petitioner's application

17 for In Forma Pauperis) should be added upon the 4/28/07 deadline,

18 thus, making the accurate dealine: 8/1/07.

19     In **Paprskar v. Estelle** (1980) 449 U.S. 885, United States

20 Supreme Court held that dismissal was inappropriate because delay

21 arose as results of efforts to exhaust state remedies.

22     The Ninth Circuit ruled in **Harris v. Pulley** (9th Cir. 1989)

23 that although four-year delay in presenting claim prejudiced state,

24 court considers claim because counsel acted with reasonable

25 diligence.

26     In **Louis v. Blackburn** (5th Cir. 1980) 630 F.2d 1105, petition

27 not "barred ... [when] petitioner has been diligent in his efforts

28 to obtain relief" and filed federal petition immediately after

1  state court to where petitioner filed his petition. Here, petitioner's petition for

2  Review was denied by the California Supreme Court on 6/20/07.  By

3  7/2/07 he already had his petition for federal habeas corpus ready.

4  This should satisfy the court as "filed federal petition

5  immediately after state court denied relief."

6                          CONCLUSION

7      Based on reasons stated above the instant petition is timely

8  filed.  If the court finds it otherwise, the short delay was

9  caused by the delay in delivery of the mail, the delay in

10  processing petitioner's application for In Forma Pauperis, and

11  the state-imposed impediment in denying petitioner access to the

12  law library - all beyond petitioner's control.

13      WHEREFORE, in the interest of justice, Respondent's Motion

14  To Dismiss Untimely Petition For Writ of Habeas Corpus should be

15  denied, and let the instant petition be decided on the merits.

16      Date: March 6, 2008            Respectfully submitted,

17

18

19                                  Terrell Cross

20

## DECLARATION AND PROOF OF SERVICE BY MAIL


I, ___TERRELL CROSS_____, DECLARE, under penalty of perjury, that I am over the age of 18 years, (   ) and not a party, or ( ✓ ) am a party to this action, and reside in Solano County, at P.O. Box 4000, (Cell # _3-240L___) Vacaville, California, 95696-4000.

That on __MARCH_____, _//_ -, 200_8_, I deposited in the United States Mail at California State Prison- Solano, Vacaville, California, A true copy of the attached hereof:

___OPPOSITION TO RESPONDENT'S MOTION TO DISMISS_____

_____

_____

_____


The documents were placed in a sealed envelope with sufficient postage and addressed to :

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVENUE
SAN FRANCISCO, CA. 94102

ATTORNEY GENERAL'S OFFICE
455 GOLDEN GATE AVE., SUITE 11000
SAN FRANCISCO, CA. 94102-1342

ATTN: DORIAN JUNG


I verify that these words are true and will testify to these words under the penalty of perjury that the foregoing is true and correct. This declaration was executed on this ___MARCH_____, ___//___, 200_8_, at CSP-Solano, Vacaville, California, 95696-4000.

_Terrell Cross_
DECLARANT

CSP SOLANO
STATE PRISON

TERRELL CROSS    T-88155
CSP - SOLANO    3-240L
P. O. BOX 4000
VACAVILLE, CA. 95696-4000

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE AVENUE
SAN FRANCISCO, CA. 94102

LEGAL MAIL