EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GERALD A. ENGLER
Senior Assistant Attorney General
JULIET B. HALEY
Deputy Attorney General
DORIAN JUNG, State Bar No. 200116
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 703-1342
  Fax:  (415) 703-1234
  Email:  Dorian.Jung@doj.ca.gov

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **TERRELL CROSS,**<br><br>                    Petitioner,<br><br>v.<br><br>**D.K. SISTO, Warden,**<br><br>                    Respondent. | C 07-3941 WHA (PR)<br><br>**REPLY TO PETITIONER'S OPPOSITION TO MOTION TO DISMISS UNTIMELY PETITION FOR WRIT OF HABEAS CORPUS** |

      Respondent D.K. Sisto hereby submits this reply brief in response to petitioner's opposition to respondent's motion to dismiss the habeas corpus petition as untimely.

      According to petitioner's calculations, his petition is timely because he was entitled to tolling of the statute of limitations during the period that his first state habeas petition was filed in the California Supreme Court, between September 29, 2005, and July 19, 2006.  Opposition at 3.  Petitioner does not address the fact that the state court denied the petition with citations to *In re Swain*, 34 Cal.2d at 304 (denying petition for untimeliness) and *People v. Duvall*, 9 Cal.4th at 474 (denying petition for failure to plead reasonably available facts).  The "*Swain*" rule is

Reply to Petitioner's Opp. to Motion to Dismiss Untimely Petition for Writ of Habeas Corpus   *Cross v. Sisto, Warden*
C 07-3941 WHA (PR)

1

1  commonly referred to as the 'untimeliness' bar." *Washington v. Cambra*, 208 F.3d 832, 833 (9th
2  Cir. 2000). When a state court rejects a state postconviction proceeding as untimely, it is not
3  "properly filed" within the meaning of the statutory tolling provisions of 28 U.S.C. § 2244(d)(2).
4  *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). Under *DiGuglielmo*, the statute of limitations
5  was not tolled during the pendency of the September 29, 2005, petition.

6  Petitioner also contends, without reference to case law or statutory authority, that he is
7  entitled to gap tolling for the periods between the filing of state habeas petitions during 2007.
8  He asserts that the gaps should be tolled because "[t]hose days were taken for the mail to go back
9  and forth and the time petitioner had to wait to go to the law library to get his court papers
10 copied." He further requests another 21 days for the period "it took the Inmate Trust Account
11 Office to process petitioner's application for In Forma Pauperis." Opposition at 5.

12 There is no legal basis for petitioner's claims. A federal habeas petitioner is entitled to
13 tolling when he is "invoking one complete round of the State's established appellate review
14 process" in order to exhaust state court remedies. *Carey v. Saffold*, 536 U.S. 214, 220 (2002).
15 "The Supreme Court construed statutory tolling in the context of California law to allow 'one
16 full round,' not two full rounds." *Welch v. Carey*, 350 F.3d 1079, 1083 (9th Cir. 2003) (en
17 banc).

18 Moreover, petitioner's claims regarding the Inmate Trust Account Office have no legal
19 basis. The prison mailbox rule authorizes constructive filing at the moment that a petition is
20 delivered to prison authorities to be forwarded to the court. Petitioner's dated his proof of
21 service on July 24, 2007. That must be considered the date of filing.

22
23
24
25
26
27
28

Reply to Petitioner's Opp. to Motion to Dismiss Untimely Petition for Writ of Habeas Corpus     *Cross v. Sisto, Warden*
                                                                                                  C 07-3941 WHA (PR)
2

**CONCLUSION**

Accordingly, respondent respectfully requests that the Court dismiss the untimely petition for writ of habeas corpus with prejudice.

Dated: April 7, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

JULIET B. HALEY
Deputy Attorney General

/s/ Dorian Jung
DORIAN JUNG
Deputy Attorney General
Attorneys for Respondent

40238054.wpd
SF2007402361

Reply to Petitioner's Opp. to Motion to Dismiss Untimely Petition for Writ of Habeas Corpus   *Cross v. Sisto, Warden*
C 07-3941 WHA (PR)

3

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Cross v. Sisto, Warden**

No.:   **C 07-3941 WHA (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter; my business address is 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004.

On April 7, 2008, I served the attached

**REPLY TO PETITIONER'S OPPOSITION TO MOTION TO DISMISS UNTIMELY PETITION FOR WRIT OF HABEAS CORPUS**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Mail at San Francisco, California, addressed as follows:

Terrell Cross
T-88155 / 3-230L
Solano State Prison
P.O. Box 4000
Vacaville, CA 95696

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on April 7, 2008, at San Francisco, California.

|           M. Argarin           |        /s/ M. Argarin        |
| :----------------------------: | :--------------------------: |
|           Declarant            |          Signature           |

40238067.wpd