IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRELL CROSS, | No. C 07-3941 WHA (PR) |
|     Petitioner, | **ORDER GRANTING RESPONDENT'S MOTION TO DISMISS** |
|   v. | |
| D. K. SISTO, Warden, | |
|     Respondent. | |

This is a habeas case brought pro se by a state prisoner under 28 U.S.C. § 2254. Respondent has moved to dismiss the petition as barred by the statute of limitations, and petitioner has opposed the motion. For the reasons set out below, the motion is **GRANTED.**

**DISCUSSION**

The statute of limitations is codified at 28 U.S.C. § 2244(d). Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

There are two ways the statute might be tolled, both of which are relevant here. For one, time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. *Id.* § 2244(d)(2). For another, the Ninth Circuit holds that the one-year limitation period can be equitably tolled because Section 2244(d) is a statute of limitations and not a jurisdictional bar. *Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds by Calderon v. United States District Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998) (en banc).

Respondent asserts, and petitioner does not dispute, that his direct appeal was completed on April 12, 2005.[1] Petitioner does not argue for a starting date other than completion of direct review, and there does not appear to be any basis for using a different date. The putative due date for this petition therefore was April 12, 2006. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (adopting "anniversary method" for AEDPA statute of limitations; absent tolling, expiration date of limitation period is the same date as the triggering event but in the following year). Because it was not filed until July 24, 2007, it is untimely unless tolling is sufficient to save it.[2]

Petitioner contends that he did not learn of the California Supreme Court's denial of his petition for review because his lawyer did not tell him (Pet's Opp. at [unnumbered] 3). He says that he thought appeal was completed in July of 2005, and contends that he is entitled to equitable tolling for the period between the actual denial on April 12, 2005, and his learning of it – how he does not say – in July of 2005..

Two standards have been articulated for determining whether equitable tolling is appropriate. The Ninth Circuit has long used the standard announced in *Beeler*: equitable tolling

---

[1] Petitioner does contend, however, that he did not receive prompt notice of the denial.

[2] The petition is treated as filed on the date petitioner says he put it in the mail at the institution. *See Saffold v. Newland*, 250 F.3d 1262, 1268 (9th Cir. 2001) (pro se prisoner's federal habeas petition is deemed filed when prisoner delivers petition to prison authorities for mailing), *vacated and remanded on other grounds*, *Carey v. Saffold*, 536 U.S. 214 (2002).

2

will not be available in most cases because extensions of time should be granted only if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Id.* (citation and internal quotation marks omitted). In *Pace*, however, the Supreme Court stated that, generally, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418 (petitioner's lack of diligence in filing timely state and federal petitions precluded equitable tolling); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) (quoting *Pace*); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."). The Ninth Circuit has not settled on a single consistent standard. *See Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008) (declining to decide whether *Pace* standard differs from *Beeler* standard).

The Ninth Circuit has held that the petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). The prisoner also must show that "the 'extraordinary circumstances' were the cause of his untimeliness." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted). Where a prisoner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas application, the equitable tolling claim will be denied. *Gaston v. Palmer*, 417 F.3d 1030, 1034-35 (9th Cir. 2005). In short, unlike statutory tolling, equitable tolling is not a matter of tolling the statute of limitations for a certain number of days, but rather is something which, if petitioner is entitled to it, means that the case flatly is not barred by the statute.

There are a number of problems with petitioner's contention that time should be tolled until "sometime in July." Not only is there no documentary evidence and no affidavit or declaration from petitioner showing when he learned of the denial, but the opposition itself is not verified, so it cannot serve as a declaration. And his failure to learn promptly of the denial did not make it impossible for him to file on time, because, as the discussion below shows, even if it is assumed he did not learn of the denial until July of 2005, he still had more than eight months left in the

1 federal limitations period, and the running of that period would be tolled by "properly filed" state
2 collateral relief actions. He is not entitled to equitable tolling on the basis of his not learning of the
3 denial until July of 2005.

4 Starting in July of 2005 petitioner filed a series of state habeas actions, properly proceeding
5 up the ladder of state courts. He filed a petition in superior court on July 27, 2005; it was denied
6 on August 8, 2005. He then filed in the court of appeal on September 13, 2005; that petition was
7 denied on September 14, 2005. On September 29, 2005, he filed in the California Supreme Court.
8 That petition was denied on July 19, 2006. None of these dates are disputed.

9 Ordinarily, petitioner would be entitled to statutory tolling for the whole time he was
10 pursuing state collateral relief , including the gaps between filings. *See Carey v. Saffold*, 536 U.S.
11 214, 219-20 (2002) (holding that for purposes of statutory tolling under Section 2244(d)(2)
12 collateral review is pending "as long as the ordinary state collateral review process is 'in
13 continuance' – *i.e.*, 'until the completion of' that process."). In this case, however, the petition in
14 the California Supreme Court was denied with a citation to *In re Swain*, 34 Cal. 2d 300, 304 (1949),
15 and *People v. DuvallI,* 9 Cal. 4th 464, 474 (1995). The *Swain* citation flags the California Supreme
16 Court's conclusion that the petition was untimely. *See Washington v. Cambra*, 208 F.3d 832, 833-
17 34 (9th Cir. 2000) (rule in *Swain* is untimeliness bar).

18 After *Carey,* a California habeas petition is pending only "in the absence of undue delay"
19 while a California petitioner "complete[s] a full round of [state] collateral review" all the way to
20 the California Supreme Court. *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003) (citation and
21 internal quotations marks omitted). Because of the undue delay indicated by the *Swain* citation,
22 the petition was not "properly filed," was not "pending," and did not toll the statute of limitations.
23 *See Bonner v. Carey*, 425 F.3d 1145, 1148-49 (9th Cir. 2005), *amended*, 439 F.3d 993 (9th Cir.
24 2006) (state court's imposition of procedural bar of untimeliness, even joined with denial on the
25 merits, means petition was not properly filed under rule announced in *Pace v. DiGuglielmo*, 544
26 U.S. 408 (2005)). As a result, the limitations period began running again when the court of appeal
27 denial became final, on October 24, 2005. *See Smith v. Duncan*, 297 F.3d 809, 812-13 (9th Cir.
28 2002) (limitation period began running day after time to seek discretionary review of California

4

Court of Appeal's decision in the Supreme Court of California expired, which was forty days after the Court of Appeal filed its opinion) (citing Cal. Rules of Court 24(a), 28(b), 45(a); Cal. Civ. Proc. Code § 12a).

The limitations period then continued running until January 23, 2007, when petitioner filed another petition in the California Supreme Court. That court denied it on January 30, 2007, without prejudice to his seeking relief in superior court. On March 6, 2007, he filed in Alameda Superior Court; that petition was denied on March 7, 2007. His subsequent petition in the California Court of Appeal was filed on April 2, 2007, and denied on April 18, 2007. He petitioned for review of the court of appeal's denial on April 30, 2007, and that petition was denied on June 20, 2007.

If, as here, there is any gap between the completion of one round of review and the commencement of another round of state habeas review, the petitioner is not entitled to tolling during the gap. *See Delhomme v. Ramirez*, 340 F.3d 817, 821(9th Cir.2003). Petitioner therefore is not entitled to tolling for the period from October 24, 2005, to January 23, 2007. As this period is more than the one-year limitations period all by itself, it is clear that this petition is barred by the statute of limitations and that the motion to dismiss must be granted.

## CONCLUSION

Respondent's motion to dismiss (document number 8 on the docket) is **GRANTED**. The petition is **DISMISSED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: September __8__, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5

1  G:\PRO-SE\WHA\HC.07\CROSS3941.DSM-EXH.wpd