IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRELL CROSS,<br><br>    Petitioner,<br><br>  v.<br><br>D. K. SISTO, Warden,<br><br>    Respondent. | No. C 07-3941 WHA (PR)<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY** |

This is a habeas case under 28 U.S.C. § 2254 filed pro se by a state prisoner. The Court granted respondent's motion to dismiss on statute of limitations grounds. Petitioner has filed a notice of appeal. Although he has not applied for a certificate of appealability ("COA"), the notice of appeal will be treated as such a request. *See United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997) (if no request for a COA is filed, the notice of appeal shall be deemed to be such a request).

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Section 2253(c)(1) applies to an appeal of a final order entered on a procedural question antecedent to the merits, for instance a dismissal on statute of limitations grounds, as here. *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

"Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims

and one directed at the district court's procedural holding." *Id.* at 484-85. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484. As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485. Supreme Court jurisprudence "allows and encourages" federal courts to first resolve the procedural issue, as was done here. *See id.*

The petition here was filed after expiration of the statute of limitations and petitioner did not provide evidence to support his claim for equitable tolling, nor did he establish that the delay in learning of the denial of his petition for review prevented him from filing the federal petition on time. Further, the California Supreme Court's holding that his state petition was untimely meant he was not entitled to statutory tolling for the time it was pending there. As a result the time between completion of direct review on petitioner's first round of state petitions, which was when the court of appeal decision became final on October 24, 2005, and his beginning a second round on January 23, 2007, greatly exceeded the one-year federal statute of limitations period all by itself. Because jurists of reason would not find this conclusion debatable or wrong, the motion for a certificate of appealability implied by the notice of appeal is **DENIED**.

The clerk shall transmit the file, including a copy of this order, to the Court of Appeals. *See* Fed. R.App.P. 22(b); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Petitioner may then ask the Court of Appeals to issue the certificate, see R.App.P. 22(b)(1), or if he does not, the notice of appeal will be construed as such a request, see R.App.P. 22(b)(2).

**IT IS SO ORDERED.**

Dated: October   13  , 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.07\CROSS3941.COA.wpd