IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRELL CROSS, | No. C 07-3941 WHA (PR) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| D. K. SISTO, Warden, | |
| Respondent. | |

Petitioner, a California prisoner, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. Respondent's motion to dismiss the petition as untimely was granted. The Ninth Circuit reversed that ruling and remanded the case for a determination of the merits of the claims in the petition. *See Cross v. Sisto*, No. 08-17324, slip op. 4257, 4271 (9th Cir. April 18, 2012). Accordingly, Respondent shall file with the court and serve on petitioner, within **ninety-one (91) days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based upon the claims found cognizable in the order to show cause in this matter dated August 28, 2007. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse and serving it on respondent within twenty-eight (28) days of the date the answer is filed.

Petitioner is reminded that all communications with the court must be served on

respondent by mailing a copy of the document to respondent's counsel. Papers intended to be filed in this case should be addressed to the clerk rather than to the undersigned. Petitioner also must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and comply with any orders of the court within the time allowed, or ask for an extension of that time. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: June   14  , 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.07\CROSS3941.OSC2.wpd

2