IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TERRELL CROSS,

    Petitioner,

v.

D. K. SISTO, Warden,

    Respondent.

No. C 07-3941 WHA (PR)

**ORDER DENYING MOTION TO DISMISS; DIRECTING RESPONDENT TO FILE ANSWER AND ADDRESS MERITS OF PETITION**

(Docket Nos. 35, 38)

    Petitioner, a California prisoner, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. The petition set forth ten claims, three of which were dismissed because they did not set forth any cognizable basis for federal habeas relief. Respondent's motion to dismiss the petition as untimely was granted, and the Ninth Circuit reversed that ruling and remanded the case for a determination of the merits of the petition. *See Cross v. Sisto*, No. 08-17324, slip op. 4257, 4271 (9th Cir. April 18, 2012). On June 14, 2012, respondent was ordered to file an answer to the petition, and thereafter granted two extensions of time to do so; in all, respondent was allowed seven months to file an answer. On July 2, 2012, petitioner was granted leave to supplement his petition with an eleventh claim.

    Instead of filing an answer addressing the merits of the petition pursuant to the orders of the Court of Appeals and this court, respondent filed a motion to dismiss the petition on exhaustion grounds. In the motion, respondent asserts that petitioner's eleventh claim – added by way of supplement – was never presented to the California Supreme Court. Respondent

does not attach or cite to any of record of the California Supreme Court, however, or otherwise demonstrate that petitioner's appeals or petitions to the California Supreme Court did not include his eleventh claim. Moreover, respondent asserts that the entire petition must be dismissed because the eleventh claim is not exhausted. Respondent's citation to *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982), for this proposition is misleading because outright dismissal of mixed petitions is no longer proper: petitioners may obtain stays of mixed petitions to allow them to exhaust unexhausted claims in state court, *Rhines v. Weber*, 544 U.S. 269, 277 (2005), and at the very least, federal courts must provide an opportunity to amend a mixed petition by striking unexhausted claims as an alternative to suffering dismissal, *Jefferson v. Budge*, 419 F.3d 1013, 1016 (9th Cir. 2005). Even if respondent had shown that the eleventh claim is unexhausted, therefore, outright dismissal is not appropriate. Respondent's motion to dismiss (dkt. 38) is **DENIED**.

Respondent may not file any further motions to dismiss. Rather, respondent **shall** file an answer addressing the merits of the seven claims found cognizable in the order to show cause dated August 28, 2007, as well as the eleventh claim set forth in the supplemental petition. In the answer, respondent may argue on alternative grounds that the eleventh claim is not exhausted or is procedurally barred, provided that such arguments are supported by properly cited exhibits. The answer must conform in all respects to Rule 5 of the Rules Governing Section 2254 Cases, and, in light of the age of this case and the ample time respondent has had to prepare an answer, the answer is due within **28 days of the date this order is filed and no further extension of time will be allowed**.

Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse and serving it on respondent within **28 days** of the date the answer is filed.

//

2

As noted above, plaintiff's motion to file a supplemental brief setting forth his eleventh claim was granted (dkt. 32). Consequently, his motion for a status report on that motion (dkt. 35) is **DENIED** as unnecessary.

**IT IS SO ORDERED.**

Dated: May  22 , 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.07\CROSS3941.MTD.wpd

3